# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 10-764V
E-Filed: February 13, 2013

```
* * * * * * * * * * * * *
VANESSA MICHELLE SOVA,          *        UNPUBLISHED
                                *
                                *        Chief Special Master
               Petitioner,      *        Campbell-Smith
                                *
v.                              *        Stipulation of Attorneys'
                                *        Fees and Costs
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
               Respondent.      *
* * * * * * * * * * * * *
```

Howard S. Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.
Voris E. Johnson, U.S. Dep't of Justice, Washington, D.C., for respondent.

## DECISION[1]

On November 8, 2010, Vanessa Michelle Sova ("petitioner"), filed a petition for compensation, alleging that she suffered certain injuries as a result of receiving one or more vaccine(s) listed on the Vaccine Injury Table. Petitioner sought an award under the National Vaccine Injury Compensation Program (the Act or the Program).[2]

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All

On June 20, 2012, petitioner filed a Motion for Dismissal Decision, acknowledging that she did not believe that "causation can be proved at this juncture." Motion at ¶ 2. On June 21, 2012, the undersigned issued a dismissal decision for insufficient proof. Judgment entered on July 26, 2012.

On January 21, 2013, petitioner timely filed a Request for Attorney's Fees. Respondent requested, and received, and extension of time until February 14, 2013 to file her response to petitioner's Request.

On February 13, 2013, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs ("AFC Stipulation"). The stipulation indicates that during informal discussions between the parties, respondent raised several objections to certain aspects of petitioner's draft applications for attorneys' fees and costs. See AFC Stipulation at 1. Based on those discussions, petitioner's counsel amended the amount of his requested reimbursement. The parties are now in agreement and are requesting that a decision be issued awarding final attorneys' fees and costs totaling $16,000.00, with $15,498.69 in the form of a check payable to both petitioner and petitioner's counsel, Howard S. Gold, and $501.31[3] in the form of a check payable to petitioner alone. Petitioner is entitled to reasonable attorneys' fees and costs pursuant to § 15(b), (e)(1).

The undersigned approves the requested amount for attorneys' fees and costs as reasonable. Accordingly:

(1) An award should be made in the form of a check payable jointly to petitioner and petitioner's counsel, Howard S. Gold, for the amount of $15,498.69; and

(2) an award covering petitioner's reimbursable out-of- pocket costs, should be made in the form of a check payable only to petitioner, Vanessa Michelle Sova, for the amount of $501.31.

---

citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

[3] In accordance with General Order #9, petitioner's counsel represented that petitioner incurred $501.31 in out-of-pocket expenses in pursuing her petition. The specific expenses were listed in petitioner's Request for Attorney's Fees, filed on January 21, 2013.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/Patricia E. Campbell-Smith
Patricia Campbell-Smith
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.